NEW ENGLAND CONFECTIONERY CO. v. NATIONAL WAFER CO.

(Circuit Court of Appeals, First Circuit.    June 18, 1915.)

No. 1105.

TRADE-MARKS AND TRADE-NAMES ☞59—INFRINGEMENT—SIMILARITY IN APPEARANCE.

A registered trade-mark, consisting of "the coined word 'Necco,' as shown in the accompanying fac simile," *held* not infringed by the word "Nawaco," printed in different type and altogether different in appearance from that of the registered fac simile.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 68–72; Dec. Dig. ☞59.

Imitation or simulation of trade-mark or trade-name as unfair competition, see note to John H. Rice & Co. v. Redlich Mfg. Co., 122 C. C. A. 447.]

Appeal from the District Court of the United States for the District of Massachusetts; Frederic Dodge, Judge.

Suit in equity by the New England Confectionery Company against the National Wafer Company. Decree for defendant, and complainant appeals. Affirmed.

The following is the opinion of Dodge, Circuit Judge, in the court below:

This bill complains that the defendant has infringed a certain registered trade-mark belonging to the plaintiff. The relief it can obtain in this suit is limited to that which can be afforded for such an infringement. Relief against other unfair competition by the defendant is not within the jurisdiction of this court to grant, there being no diverse citizenship of the parties. Both are Maine corporations. A similar situation was presented in Thaddeus Davids Co. v. Davids (C. C.) 165 Fed. 792; Id., 178 Fed. 801, 102 C. C. A. 249; Id. (D. C.) 190 Fed. 285; Id., 192 Fed. 915, 114 C. C. A. 355.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The particular trade-mark alleged to have been infringed is that set forth in the certificate of registration No. 49,295, issued to the plaintiff on January 30, 1906. The certificate describes it as consisting of "the coined word 'Necco,' as shown in the accompanying fac simile." The fac simile presents the words in capital letters of uniform size and uniform distinctive character. As shown in the fac simile, they are in solid black-faced type.

It appears that the plaintiff owns another registered trade-mark, described in certificate No. 49,239, issued on the same date as the other, which states that the mark consists, "as shown in the accompanying fac simile," "of a heavy black circle inclosing three fields—namely, a central red field, on which appear the words 'Necco Sweets,' and two white fields, respectively above and below the central field. The outer edges of all three fields are bordered by lines which are concentric with the black circle, and the edges of the upper and lower fields, which are adjacent to the central field, are separated therefrom by double curved lines as shown."

But there is no allegation in the bill that the latter trade-mark has been infringed. The word "Necco" therein, as presented in the fac simile last referred to, is in letters of a character widely different from those used in the fac simile shown by the certificate of registration to which the bill refers.

The alleged infringement consists in the use of a trade-mark which, as the bill itself alleges, has been also registered by the defendant. It is described in certificate No. 78,340, issued to the defendant June 7, 1910, "as the trade-mark shown in the accompanying drawing." The drawing shows the word "Nawaco," in ornamental capital letters of uniform size and character, rather larger in size than those shown in the plaintiff's fac simile, and noticeably different in character. The defendant's letters have no broad black faces; they are defined by outlines only, between which there is no filling in.

There is thus a difference between the respective marks, not merely in the two words used, but also in the manner in which the two words appear. The total difference is to my mind sufficient to prevent the conclusion that the defendant's trade-mark infringes that of the plaintiff whereon this suit is based. The defendant's mark is plainly not identical with the plaintiff's, nor do I think it can fairly be described as colorably resembling it, or as having any such near resemblance to it as might be calculated to deceive. The trade-name differs from the trade-mark, as has been said, in that one appeals to the ear more than to the eye. N. K. Fairbank Co. v. Luckel, etc., Co., 102 Fed. 327, 331, 42 C. C. A. 376. But this cannot be regarded as a suit for the protection of a trade-name. The plaintiff did not, as in Thaddeus Davids Co. v. Davids, above cited, register its word, however printed, as its trade-mark irrespective of any distinctive lettering. See 165 Fed. 793, 794. Though it may have secured the exclusive right to its identical word, used as a mark, even when shown in different lettering, I do not think its registration enables it to say that another word, though having some resemblance to its own, infringes when shown in lettering which makes the difference between the two so readily distinguishable by the ordinary observer. See Warner Bros. Co. v. Wiener, 214 Fed. 30, 130 C. C. A. 424.

The view of the case above taken has required the disregard of all allegations and evidence relating to charges of unfair competition merely on the defendant's part. How far the defendant's packages or labels are like the plaintiff's in general appearance, how far the word registered and used by the defendant resembles or may be made to resemble in sound the plaintiff's word, or how far purchasers have been or are likely to be misled by such resemblances, do not seem to me questions involved in the only issue which this court can determine, regarded as the pleadings have presented it. No infringement of the particular registered trade-mark in question being in my opinion established by the plaintiff, I must order its bill dismissed, with costs.

James L. Putnam, of Boston, Mass. (William L. Putnam, James L. Putnam, and Putnam, Putnam & Bell, all of Boston, Mass., on the brief), for appellant.

John Noble, of Boston, Mass. (Samuel Vaughan and Loring, Coolidge & Noble, all of Boston, Mass., on the brief), for appellee.

Before PUTNAM and BINGHAM, Circuit Judges, and ALD-RICH, District Judge.

ALDRICH, District Judge. We think the District Court was right in basing its determinations upon the single question whether the complainant's trade-mark, consisting of the coined word, "Necco," was infringed by the defendant's use of its trade-mark, "Nawaco."

The original bill put in issue that question only, and in its prayers for relief the complainant asked, among other things, for an injunction against the National Wafer Company, restraining it from using its trade-mark, "Nawaco," upon the ground that the name was so near that of "Necco" that it should be treated as a copy, or at least as a colorable imitation.

Evidence was taken under issues joined upon such a theory of the complainant's case; the cause was argued upon the merits; there was a decision adverse to the complainant through an opinion handed down by the District Court August 27, 1914.

Nearly a month thereafter, the complainant moved for a rehearing and for leave to amend its bill, by describing certain other trade-marks, under which it was claimed that the trade-mark designs, described by these certificates, among other things, embraced certain settings, like a circle with upper and lower fields, separated from a central field by double curved lines, as shown.

The object of this amendment was, of course, to enlarge the scope of the issues, and to make the case more one of unfair competition than of trade-mark infringement, pure and simple, and yet there was no allegation that the trade-mark described as "Necco Sweets," which was the trade-mark of the proposed amendment, and one having a setting in the fields to which we have referred, had been infringed.

The fourth assignment of error is directed against the refusal of the District Court to allow this amendment.

The question whether the amendment should be allowed at such a stage of the proceedings was doubtless one of discretion, and, if it were open to revision here, we should quite likely take the view that the discretion was properly exercised.

Holding this view as to the single issue involved, we have only to consider the question whether "Nawaco" should be accepted as identical with the word "Necco," and, if not identical, whether it is so near like it as to be in colorable imitation, and therefore to be accepted as a name used in infringement of the complainant's rights under its trade-mark based upon the coined word "Necco."

We do not think it was either. The words "Necco" and "Nawaco" are not identical nor colorably the same. On the contrary, we think they are so far different in sound and looks as to be easily "distinguishable by the ordinary observer."

It must be borne in mind that the trade-mark under which relief is sought was the coined word "Necco," as shown in the fac-simile which is annexed to the application for registration, and in the declaration, accompanying the statement of the trade-marks sought to be established it is said that no other has the right to use said trade-mark,

either in the identical form or in any such near resemblance thereto as might be calculated to deceive.

Having seen that the word "Nawaco" is neither identical nor in colorable imitation, when tested by the eye or by the ear, without expressly defining what weight the setting of the words "Necco" and "Nawaco" upon the labels, in commercial use, should have in a strictly trade-name or trade-mark case, we see nothing in the type, or the labels, which reasonably brings the word "Nawaco," with its commercial setting, into such similitude with the word "Necco," and its setting, as used by the complainant, as to make it a label or mark calculated to deceive the purchasing public.

Judge Dodge, in his opinion, particularly differentiates the characteristics of the two words and the different labels, and we see no occasion to enlarge the discussion upon that phase of the case.

We do not look upon the testimony of witnesses sent out by the complainant to call for "Necco," to whom in some instances "Nawaco" was passed out by the tradesman, as at all conclusive. The witnesses were not deceived, and the testimony bears more upon the fair dealing of the shopkeepers than upon the question as to whether the purchasing public would be misled into buying something different from what they called for. While Mr. Justice Brewer's reasoning in the case of Lorillard v. Peper, 86 Fed. 956, 960, 30 C. C. A. 496, had reference to instances where the purchasers were actually misled, it applies with still greater weight to testimony of witnesses who are sent out to see what the storekeepers would pass out when they called for "Necco."

We do not think we are required to review the various trade-name and trade-mark cases referred to by Judge Dodge, and by counsel, as authorities supposed to have some bearing by way of analogy upon the issue here, because we think the case is plainly against the complainant upon the face of the names and their settings.

While there might be differences of opinion on the question of colorable imitation, and while in isolated instances members of the public might possibly be misled, evidence which comes through an inspection of the names, the labels, and the packages is of great weight, if not controlling, with the court having the responsibility to decide. Lorillard Co. v. Peper, 86 Fed. 956, 960, 30 C. C. A. 496.

The decree of the District Court is affirmed, with costs of this court.